**Johnny R. GLOVER,**
**Plaintiff-Appellant,**

v.

**R.C. JOHNSON, Defendant-Appellee.**

**No. 87–1101**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1987.

---

Johnny R. Glover, pro se.

Kent S. Hofmeister, City Atty., Katherine Knight, Asst. City Atty., Dallas, Tex., for defendant-appellee.

Before POLITZ, JOHNSON and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Complaining that his civil rights were violated during the course of his arrest by Dallas police, Johnny R. Glover invoked 42 U.S.C. § 1983 and filed the instant suit. The district court found the action barred by the statute of limitations and granted defendant's motion for summary judgment. We agree and affirm.

*Background*

Glover was arrested on May 27, 1983 on a charge of aggravated robbery. He claims that the defendant, R.C. Johnson, a Dallas police officer, used excessive force during the arrest. On October 5, 1983 Glover was found guilty of aggravated robbery and was sentenced to imprisonment for 75 years. On that same day Glover escaped from custody, remaining at large until arrested for burglary and robbery in Minneapolis on January 27, 1984. He was returned to Texas. On January 22, 1986, Glover filed his § 1983 complaint.

*Analysis*

There is no federal statute of limitations covering § 1983 claims; the law of the state in which the alleged action arose controls. *Miller v. Smith*, 625 F.2d 43 (5th Cir.1980), *rev'g* 615 F.2d 1037 (5th Cir. 1980). Glover's action arose in Texas which requires a claimant to file a tort suit within two years after the cause of action accrues. *See* Tex.Civ.Prac. & Remedies Code § 16.003 (Vernon 1986). A cause of action accrues on the date that a claimant either knows or should have known of his injury and its causal connection to the defendant's act. *Conerly v. Morris*, 575 S.W.2d 633 (Tex.Civ.App., Houston 1978), *reh. denied* (writ ref'd n.r.e. 1979). The limitations period is tolled if the claimant is under a disability, such as minority, mental illness, or imprisonment at the time of the offending incident. Tex.Civ.Prac. & Remedies Code § 16.001(a) (Vernon 1986). Once the period of limitations begins to run, a subsequent disability does not interrupt or suspend its accrual. Tex.Civ.Prac. & Remedies Code § 16.001(d) (Vernon 1986).

The question presented by this appeal is whether the two-year limitations period, tolled by virtue of Glover's arrest, began to run on October 5, 1983 when he escaped from custody. For purposes of suspending limitations, under Texas law a person is imprisoned when under arrest and in the custody of the authorities. *Lasater v.*

*Waites,* 67 S.W. 518 (Tex.Civ.App.1902), *rev'd on other grounds,* 95 Tex. 553, 68 S.W. 500 (1902). Applying this definition, the courts have found that the limitations-tolling-imprisonment-impediment does not apply to a parolee, *Jimenez v. Maloney,* 646 S.W.2d 673 (Tex.App. 4th Dist.1983); a person on probation, *Carter v. Associated Transfer & Storage Co.,* 410 S.W.2d 830 (Tex.Civ.App., Waco 1966); a person released on bail, *Smith v. Avance,* 553 F.Supp. 434 (E.D.Tex.), *affirmed,* 683 F.2d 415 (5th Cir.), *cert. denied,* 459 U.S. 993, 103 S.Ct. 351, 74 L.Ed.2d 390 (1982); or a person no longer in confinement, *Jenkins v. State,* 570 S.W.2d 175 (Tex.Civ.App., Houston), *reh. denied* (1978).

Although we are aware of no Texas court which has addressed limitations involving a person who has escaped from lawful custody, we are persuaded that the Texas courts would not allow an escapee to assert the imprisonment disability for the period of his fugitive status. Tolling of limitations is grounded in equity, as reflected by the doctrine of *contra non valentem agere nulla currit praescriptio,* no prescription runs against a person unable to bring an action. But it is axiomatic that one who would embrace equity must do so with clean hands. During the time that Glover was at large he was free to file suit. That his fugitive status militated against his doing so lay entirely at his doorstep. The limitations shield raised by his arrest was lowered by his escape. We therefore conclude and hold that the two-year period of limitations began to accrue on October 5, 1983 and the filing after October 5, 1985 was untimely.

The judgment of the district court is AFFIRMED.