**Veronica DAVIS, Plaintiff–Appellant,**

v.

**LOUISIANA STATE UNIVERSITY, et al., Defendants–Appellees.**

No. 88–3383
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 28, 1989.

Opinion on Denial of Rehearing
Aug. 31, 1989.

Veronica Davis, Columbia, Tex., pro se.

Albert Dale Clary, James E. Moore, Shelby McKenzie, Baton Rouge, La., for defendants-appellees.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Veronica L. Davis sued Louisiana State University, its Board of Supervisors, and various individual defendants, alleging various civil rights claims pursuant to 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Davis also alleged pendent state law claims. Her claims arise out of her expulsion from Louisiana State's graduate program in psychology.

Davis originally filed her suit in the Eastern District of Texas, but, on the defendants' motion, the suit was transferred to the Middle District of Louisiana. Defendants sought summary judgment on the ground that Davis's action was prescribed by Louisiana's one-year statute of limitations. The district court granted summary judgment, and Davis appeals. She contends that the Texas, rather than the Louisiana, statute of limitations should apply; that Louisiana's one-year prescriptive period is inapplicable even if Louisiana law applies; that she has alleged a continuing tort, so that the one-year prescriptive period will not bar the suit even if that period applies; and finally, that the district court should have permitted her to amend her complaint to allege additional federal claims not barred by the one-year period. Finding no merit in any of these arguments, we affirm.

There is no federal statute of limitations covering § 1983 claims. The Supreme Court has observed that "Title 42 U.S.C. § 1988 endorses the borrowing of state-law limitations provisions where doing so is consistent with federal law." *Owens v. Okure,* — U.S. —, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989). This Circuit's law appears to contain an ambiguity relevant to the choice of limitations statutes in cases filed in one state but arising out of events in another. We have said that "the law of the state in which the alleged action arose controls." *Glover v. Johnson,* 831 F.2d 99, 100 (5th Cir.1987), but the terms of 42 U.S.C. § 1988 suggest that the relevant law is that of "the State wherein the court having jurisdiction of such civil or criminal cause is held." This distinction between the accrual state and the forum state was of no moment in *Glover* since the cause accrued in Texas and the suit was filed in Texas.

We need not resolve this ambiguity today, for we recognize Louisiana as both the forum state and the accrual state for this cause. Davis would have us apply the limitations period from Texas, the state of the transferor court. However, venue was improper in Texas, since all defendants in this suit reside in Louisiana, and the events giving rise to the cause of action took place in Louisiana. *See* 28 U.S.C. § 1391(b). When venue is improper in the transferor court, the transferee court should apply the law of the state in which it sits. *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1109–1111 (5th Cir.1981).

We have recently reaffirmed that Louisiana's one-year prescriptive period for delictual actions governs federal civil rights claims. *Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir.1989). It therefore governs Davis's claims here. Nor can Davis evade the prescriptive period by contending that the University's actions amount to a continuing tort. *See Taylor v. Bunge Corp.,* 775 F.2d 617, 619 (5th Cir.1985) ("termination of employment either through discharge or resignation is not a 'continuing' violation because the individual ceases to be an employee on the date of his discharge and all of his legal claims mature at the time"). Davis's claims accrued when she was expelled and barred from the campus; it matters not, for purposes of prescription, that she remains expelled and barred now.

Finally, Davis contends that the district court should have permitted her to allege contractual claims emanating from the University's alleged breach of consent decree to which it and the United States were both parties. This court reviews the district court's decision to deny the amendment for abuse of discretion. If the amendment would be futile, it may be disal-

**414**

lowed. *Emory v. Texas State Bd. of Medical Examiners,* 748 F.2d 1023, 1027 (5th Cir.1984). Davis has not offered any legally sufficient theory which would enable her to escape the Louisiana prescriptive bar on her federal claims. Her argument for amendment is vague, and relies entirely upon rights under a consent decree to which she is not a party. We find no abuse of the district court's discretion.

For the reasons assigned, the judgment of the district court is, in all respects

AFFIRMED.

## ON PETITION FOR REHEARING

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

### PER CURIAM:

■ Appellant has moved for rehearing suggesting that our application of Louisiana law erroneously assumed that the transfer from Texas to Louisiana was for lack of venue. From the record, it is plain that venue over this suit was not properly laid in the Southern District of Texas. The sole connection between the claim and that district was the circumstance that the plaintiff moved there from Louisiana after the events giving rise to this lawsuit took place. Nor can we find any basis for the exercise of personal jurisdiction over defendants in Texas. The district court in Louisiana at oral argument on defendants' motion for summary judgment stated that Louisiana law applied; that in its view, plaintiff's suit in the Southern District of Texas suffered from lack of venue and personal jurisdiction over defendants.

■ It is true that the Texas court's order of transfer cites to 28 U.S.C. § 1404 and makes reference to the doctrine of forum non conveniens. It is equally plain that the transfer to Louisiana was correct, if for the wrong reasons. Appellant argues that the Louisiana District Court was bound by the reason stated by the Houston court, even if plainly erroneous. We are not persuaded. Under the law of the case doctrine, it is not improper for a court to depart from a prior holding if convinced that it was clearly erroneous and will work a manifest injustice. *Arizona v. Cal.,* 460 U.S. 605, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). Our question is whether the Louisiana District Court was correct in applying the prescriptive period of Louisiana rather than Texas. We find no error in its conclusion that because there was neither personal jurisdiction over the defendants nor proper venue in Texas, the law of the transferee jurisdiction would be applied.

■ Appellant suggests that defendants waived venue by not properly raising it in the Texas court. We need not pause over this assertion nor over the Texas court's citation to § 1404 rather than § 1406. It is not clear from the record whether defendants waived any claim of improper venue in the Texas court, but it is clear that defendants have always correctly maintained that the Texas court had no personal jurisdiction over them. In *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1110 (5th Cir.1981), we held that

> ... following a section 1404(a) transfer from a district in which personal jurisdiction over the defendant could not be obtained, the transferee court must apply the choice of law rules of the state in which it sits ...

We adhere to this precedent in finding that the choice of Louisiana law was correct in this case, and the petition for rehearing is DENIED.