924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny Melvin HOLLAND, Plaintiff-Appellant,
v.
David H. BLAND, C. Walker, R. Hendricks, W. Henderson, John
Thomas, N. Aldridge, Defendants-Appellees.
 No. 90-5784.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Johnny Melvin Holland, a Kentucky prisoner proceeding through counsel, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Holland sued several state prison officials, alleging that they denied him access to the courts and interfered with his receipt of mail. The district court held that Holland's claims were barred by the statute of limitations. In Case No. 88-5643, this court affirmed certiorari, vacated the judgment and remanded the case for reconsideration in light of Hardin v. Straub, 490 U.S. 536 (1989). See Holland v. Bland, 109 S.Ct. 3210 (1989). Upon remand, the district court once again dismissed Holland's claims on the basis of the statute of limitations. Holland has filed a timely appeal.
 
 
 3
 Initially, we note that a review of the pleadings from the district court and the briefs filed on appeal reveal that Holland has abandoned his claim that the defendants Thomas and Henderson interfered with his receipt of mail. Consequently, we will not review that issue on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 Upon review, we determine that the district court properly dismissed the case. Holland's claim is barred by the statute of limitations. Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). Holland's claim accrued in 1976 when he discovered that the defendants had withheld his mother's autopsy report. Id. Even though he later discovered that the injury he suffered at that time was greater than originally thought, the commencement date for the statute of limitations does not change. Id.
 
 
 5
 Further, the district court properly applied Kentucky law when it determined that the statute of limitations began to run upon Holland's escape from prison. His subsequent reincarceration did not toll the statute of limitations. Cf. Burrell v. Newsome, 883 F.2d 416, 420 (5th Cir.1989); Glover v. Johnson, 831 F.2d 99, 101 (5th Cir.1987) (applying similar state law provisions).
 
 
 6
 Accordingly, we affirm the district court's judgment for these reasons and the reasons stated in the court's memorandum opinion and order filed on May 17, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.