Caddis Lee **DUKES**, Plaintiff–Appellant,

v.

**SMITHERMAN**, Sheriff; Austain Lavert; Bibb County Commission, Defendants–Appellees.

No. 93–6359
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 21, 1994.

Caddis Lee Dukes, pro se.

Before COX and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

■ This appeal is from the entry of a summary judgment in favor of the defendants in a *pro se* civil rights suit brought under 42 U.S.C. § 1983. Agreeing with the conclusion of the district court that the statute of limitations had expired, we affirm.

Dukes brought this action against the Bibb County Commission, a former Bibb County Sheriff (Smitherman), and a former jailer (Levert) at the Bibb County Jail. He alleged that the defendants denied him adequate medical care and visitation privileges after he was attacked by another inmate. He requested only monetary relief.

The defendants moved to dismiss the complaint as barred by the statute of limitations.

In support, they submitted affidavits and special reports detailing the facts and chronology underlying Dukes' claims.

The following facts were essentially undisputed. Dukes was attacked in June of 1978. Almost two years later, on May 24, 1980, he escaped from jail. He was recaptured in Ohio in 1981, where he was incarcerated until his return to the Bibb County Jail in 1987. (He was later sent to another prison, and he filed his suit on March 2, 1992.)

Alabama law provided that:

> If **anyone** entitled to commence any ... [action] ... **is, at the time such right accrues,** ... **imprisoned** on a criminal charge for any term less than for life, **he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action....**

*See* Ala.Code § 6–2–8(a) (1975) (emphasis added). It also provided that "a disability which did not exist when a claim accrued does not suspend the operation of the limitation unless the contrary is expressly provided." *See* Ala.Code § 6–2–8(c) (1975). The defendants argued that because Dukes escaped in 1980 and terminated his disability, the applicable statute of limitations began to run at that point.

The district court construed the defendants' motion and related pleadings as a request for summary judgment. Accordingly, it notified Dukes of his right and obligation to respond, and of the consequences of failing to do so. Dukes, in turn, responded that he was imprisoned at the time of the injury, that he has not yet been released, and that the statute of limitations was, therefore, tolled. He also disputed the defendants' characterization of his escape date.

The district court did not address what the applicable limitations period was for Dukes's claims. Instead, it found that regardless of whether the limitations period was one, two, or six years, it began to run when Dukes stated he escaped, on May 24, 1980. Because Dukes did not file suit until 1992, the court determined that the defendants were entitled to summary judgment as a matter of

law. The court noted that the issue presented was one of first impression, having never been addressed by either this Court or an Alabama court, but it relied on the Fifth Circuit's interpretation of a similarly worded Texas tolling provision. *See Burrell v. Newsome*, 883 F.2d 416, 420–22 (5th Cir.1989); *Glover v. Johnson*, 831 F.2d 99, 101 (5th Cir.1987).

Dukes argues that the district court erred in finding that his complaint was barred by the statute of limitations. Specifically, he contends that the statute was tolled and it never began to run; hence, his action was timely filed. The defendants respond that although the limitations period was tolled, it began to run when Dukes escaped in 1980, and because he failed to bring his suit within one year, it was untimely.

▅▅▅ Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir.1985). Selection of a limitations period for § 1983 actions changed several times between 1978, when Dukes was attacked, and 1992, when he filed suit.[1] Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns–Manville Sales Corp.*, 399 So.2d 263, 269–70 (Ala.1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483–84 (11th Cir.1989) (*Jones II* ).

Neither this Court nor any Alabama court has considered whether escaping from prison lifts the tolling provision in Ala.Code § 6–2–8(a) (1975). We agree with the district court, however, that the approach taken by the Fifth Circuit is correct and the one most likely to be followed by the Alabama courts.

In *Glover v. Johnson*, 831 F.2d 99 (5th Cir.1987), the Fifth Circuit held that escaping from custody lifted the tolling provision. *Id.* at 101. The Court reasoned that tolling of limitations periods is grounded in equity, but the absence of "clean hands" precludes an individual from obtaining an equitable benefit. *Id.* The Court also observed that Glover was free to file suit while at large. *Id.* In computing the running of the limitations period, the Court ignored Glover's reincarceration. *See Id.*

In *Burrell v. Newsome*, 883 F.2d 416 (5th Cir.1989), the Court stated:

> It is well settled that the limitations period will commence to run immediately upon the removal of the disability of imprisonment. When the prisoner is freed from confinement, regardless of whether it is by an illegal means or by a legitimate means, the statute of limitations begins to run and it is not tolled by any subsequent imprisonment.

*Id.* at 420.

Texas law is similar to the Alabama provisions quoted above, and the equitable principles relied on by the Fifth Circuit seem most appropriate. We conclude that Alabama law and equity support finding that the applicable limitations period began to run when Dukes escaped in 1980, and that his reincarceration did not toll the period a second time.

Dukes also argues that the defendants made perjurious statements to the district court as to when he actually escaped. Dukes raised this argument before the district court, however, and the district court accepted the date Dukes asserted he escaped for purposes of deciding the summary judgment motion. This renders this contention meritless.

---

1. For a chronological review, *see Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1253–54 (11th Cir.1985) (*Jones I* ) (discussing various limitations periods applicable to § 1983 suits and holding that the one year period applies), *cert. denied*, 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986); Ala.Code § 6–2–38 (changing the one year period to two years); *Wilson v. Garcia*, 471 U.S. 261, 267–268, 105 S.Ct. 1938, 1942–1943, 85 L.Ed.2d 254 (1985) (modifying the way a statute of limitations is selected for § 1983 actions); *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (clarifying *Wilson* ); and *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir.1989) (*Jones II* ) (overruling *Jones I* in light of *Owens*, and holding that the two year limitations period applies to § 1983 actions in Alabama).

The judgment of the district court is AFFIRMED.