51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James S. MURPHY, Plaintiff-Appellant,
v.
Mearl J. JUSTUS, et al., Defendants-Appellees.
 No. 92-1673.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 7, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 James S. Murphy, an inmate at the Missouri State Penitentiary, brought suit in 1990 against several St. Clair County (IL) officers under 42 U.S.C. Sec. 1983. Murphy alleges that at the St. Clair County Jail he was, among other things, improperly placed in segregation, denied necessary medical treatment, and subjected to unconstitutional conditions of confinement. See R. 14, Amended Complaint. The events at issue allegedly took place in 1984. Id. The district court dismissed the suit as time-barred under 735 ILCS 5/13-202 (Sec. 202), which establishes a two-year statute of limitations for personal injury actions. On appeal, Murphy argues that (1) the five-year limitations period in 735 ILCS 5/13-205 (Sec. 205) applies rather than the two-year period in Sec. 202; or (2) in the alternative, the limitations period was tolled under 735 ILCS 5/13-211 (Sec. 211) because of his imprisonment.
 
 I. Applicability of Section 202
 
 2
 Section 1983 does not contain a statute of limitations. The Supreme Court has held that the courts must "select, in each State, the one most appropriate statute of limitations for all Sec. 1983 claims." Wilson v. Garcia, 471 U.S. 261, 275, 105 S.Ct. 1938, 1947 (1985). The proper limitations period for Sec. 1983 claims is the period applicable to "[g]eneral personal injury actions, sounding in tort." Id., 471 U.S. at 279. If a state has more than one statute of limitations for personal injury actions, "courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250, 109 S.Ct. 573, 582 (1989). It is not appropriate, however, "to apply the catchall periods of limitations for statutory claims that were later enacted by many States." Wilson, 471 U.S. at 278.
 
 
 3
 Section 202 is the general statute of limitations for personal injury actions in Illinois.[1] Accordingly, we have consistently held that Sec. 1983 actions in Illinois are subject to the two-year limitation period of Sec. 202. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993); Farrell v. McDonough, 966 F.2d 279, 282 (7th Cir.1992), cert. denied, 113 S.Ct. 1059 (1993); Smith v. City of Chicago Heights, 951 F.2d 834, 837 n. 1 (7th Cir.1992); Kalimara v. Illinois Department of Corrections, 879 F.2d 276, 277 (7th Cir.1989). Section 205, which Murphy urges we adopt as the appropriate statute of limitations, does not specifically address personal injury actions.[2] Rather, Section 205 is the type of "catchall" statute that Wilson instructs us not to apply to Sec. 1983 actions. Kalimara, 879 F.2d at 277. Thus, even in the wake of Owens and Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989) (holding that six-year limitations period applies to Sec. 1983 actions in Wisconsin), cert. denied, 494 U.S. 1029, 110 S.Ct. 1476 (1990), we have affirmed the holding of Kalimara that Sec. 202 applies to Sec. 1983 actions in Illinois. Farrell, 966 F.2d at 281-82. Therefore, the two-year limitations period applies to Murphy's claim.
 
 II. Tolling for Imprisonment
 
 4
 Alternatively, Murphy argues that his claim is not time-barred because he was imprisoned between the time the alleged violations occurred in 1984 and when he filed suit in 1990. In 1990, 735 ILCS 5/13-211 (Sec. 211) stated that if a plaintiff
 
 
 5
 "(iii) is imprisoned on a criminal charge and the claim is not against the Illinois Department of Corrections or any past or present employee or official of the Department of Corrections, then he or she may bring an action within two years after ... [he or she] ceases to be imprisoned."
 
 
 6
 Dixon v. Chrans, 986 F.2d 201, 204 (7th Cir.1993), quoting Sec. 211.[3]
 
 
 7
 In Dixon, the court held that prisoners bringing Sec. 1983 actions are entitled to tolling under the pre-1991 version of Sec. 211. Dixon, 986 F.2d at 205-06. Furthermore, the court found the exception for suits against Illinois Department of Corrections officials inconsistent with the purpose of Sec. 1983 and thus inapplicable in Sec. 1983 cases. Id. Therefore, if Murphy was imprisoned from the time his claim accrued in 1984[4] until no more than two years before the time he filed suit in 1990, his claim is timely under the tolling provision in Sec. 211.
 
 
 8
 The defendants argue that Murphy is not entitled to tolling because his imprisonment was interrupted by three escape attempts. First, on September 13, 1985, Murphy escaped from the St. Louis County Jail and was recaptured on May 20, 1986. Second, on April 3, 1987 Murphy escaped from the Moberly Correctional Center and was apprehended on April 4, 1987. Finally, on December 17, 1987, he escaped from the Randolph County Jail and was recaptured later that same day. R. 17, Answer to Defendants' Interrogatory 2. The defendants argue that the tolling provisions of Sec. 211 apply only to persons who have been continuously imprisoned. See Knox v. Cook County Sheriff's Police Department, 866 F.2d 905, 907 (7th Cir.1988) (limitations period for Sec. 1983 suit tolled by Sec. 211 where plaintiff "remain[ed] in jail continuously from the time of his initial arrest"); Partee v. Cook County Sheriff's Office, 863 F.Supp. 778, 782 (N.D.Ill.1994) ("Until January 1, 1991, Illinois tolled the running of the limitations period for inmates continually confined since the time their claims accrued."). The defendants claim that Murphy's imprisonment was rendered non-continuous by his escape on September 13, 1985. Thus, they contend that the two-year statute of limitations began to run in 1985, making Murphy's 1990 filing untimely. Murphy counters that, even if the limitations period began to run when he escaped in 1985, his recapture eight months later resumed the tolling. Because Murphy was on "escape status" for a total of only eight months, he argues that the two-year limitations period had not run before he filed suit.[5]
 
 
 9
 At least one Illinois court has held that once an inmate is released from prison, the statute of limitations begins to run, and it continues to run even if the plaintiff is subsequently imprisoned on an unrelated charge. Hamil v. Vidal, 488 N.E.2d 1024, 1026 (Ill.App.1985). Neither the Illinois courts nor the federal courts in this circuit have addressed the question of whether the tolling of the limitations period resumes for an escaped prisoner who is recaptured and reincarcerated on the same charge. Two other circuits, however, have addressed this issue. In Dukes v. Smitherman, 32 F.3d 535 (11th Cir.1994) (applying Alabama statute of limitations), the Eleventh Circuit held that the limitations period for Dukes' Sec. 1983 claim began to run when he escaped from prison, and when he was recaptured, "his reincarceration did not toll the period a second time." Dukes, 32 F.3d at 537. Similarly, in Glover v. Johnson, 831 F.2d 99 (5th Cir.1987) (applying Texas statute of limitations), the Fifth Circuit held that the limitations period began to run upon Glover's escape from custody in 1983. Although he was arrested in 1984 and returned to Texas, the court found that his civil rights suit filed in 1986 was time-barred by Texas' two-year statute of limitations. Id. at 101; see also Burrell v. Newsome, 883 F.2d 416, 420 (5th Cir.1989) ("When the prisoner is freed from confinement, regardless of whether it is by an illegal means or by a legitimate means, the statute of limitations begins to run and it is not tolled by any subsequent imprisonment."); Winton v. Burton, 582 F.Supp. 1044, 1050 (E.D.Tex.1984) ("Even assuming ... [that Texas law] tolled the limitations period during Winton's confinement, the present action is still barred because it was brought more than two years after Winton escaped from the Jail.").
 
 
 10
 The reasoning of Dukes and Glover is based on the equitable doctrine of "unclean hands." "Traditionally, the doctrine of unclean hands is invoked when one seeking relief in equity has violated conscience, good faith or other equitable principles in his prior conduct." Fibreboard Paper Products Corp. v. East Bay Union, 39 Cal.Rptr. 64, 96 (Cal.App.1964). The Glover court noted that "[t]olling of limitations is grounded in equity, ... [and] one who would embrace equity must do so with clean hands." Glover, 831 F.2d at 101. An escaped prisoner, the Glover court reasoned, no longer suffers from the impediments of incarceration and thus deserves no relief from the statute of limitations. Id. We believe that the Illinois courts would agree with this reasoning. By escaping from custody, Murphy has violated principles of good faith and may no longer seek relief from the statute of limitations under Sec. 211. Thus, we join Dukes and Glover holding that the limitations period began to run upon Murphy's escape in September 1985 and was not tolled again by his subsequent recapture and reincarceration. Murphy's claim is time-barred, so the decision of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Section 202 states in relevant part: "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, except damages resulting from first degree murder or the commission of a Class X felony and the perpetrator thereof is convicted of such crime, shall be commenced within 2 years next after the cause of action accrued."
 
 
 [2]
 Section 205 states in relevant part: "[A]ctions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."
 
 
 [3]
 A later amendment to Sec. 211, effective January 1, 1991, deleted all references to tolling for prisoners. See 735 ILCS 5/13-211 (Historical and Statutory Notes). Murphy's complaint was filed before this amendment took effect
 
 
 [4]
 Murphy argues that his claim did not accrue until May 1987 because he did not learn that prisoners had a legal right to sue for infringements of their civil rights until that time. A Sec. 1983 claim accrues, however, when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Hondo, Inc. v. Sterling, 21 F.3d 775, 778 (7th Cir.1994). Once the plaintiff knows of the injury, the limitations period begins to run even if he is ignorant of his legal rights. See United States v. Kubrick, 444 U.S. 111, 122, 100 S.Ct. 352, 359 (1979) (limitations period begins to run on FTCA claim even if plaintiff ignorant of legal rights); Central States, Southeast and Southwest Areas Pension Fund v. Navco, 3 F.3d 167, 171 (7th Cir.1993) (under Sec. 1451(f)(2) of Multiemployer Pension Plan Amendments Act of 1980, the limitations period begins to run "even though the victim does not know that the injury is actionable."), cert. denied, 114 S.Ct. 1062 (1994). Thus, Murphy's cause of action accrued in 1984, when he was aware of the alleged injuries
 
 
 [5]
 To support his claim, Murphy calls our attention to a prior ruling by Judge Stiehl on this tolling issue that seems inconsistent with his ruling in this case. In the case at hand, Judge Stiehl adopted Magistrate Judge Cohn's recommendation that the suit is time-barred, holding that "the plaintiff's cause of action is clearly barred by the applicable statute of limitations." R. 25, Memorandum and Order. In another case, however, Judge Stiehl held that a 1989 suit by Murphy against officers of the Fairview Heights Police Department under Sec. 1983 was not time barred. In that case, Judge Stiehl held that Murphy's "disability was removed during the time that he was on 'escape status' but the disability reattached when plaintiff [Murphy] was returned to prison. Consequently, plaintiff's claim is not barred by the statute of limitations." Murphy v. Chief of Police, Fairview Heights, No. 89-3426, Memorandum and Order (attachment to Appellant's Reply Brief)