# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-30342
Summary Calendar

WILLIAM C. RICHARDSON,

Plaintiff-Appellant,

versus

CHARLES F. SCHOLZ; JOHN DOE, I & II; DON HATHAWAY;
PAUL CARMOUCHE; POWELL A. LAYTON; DON ASHLEY;
FRANK H. THAXTON, III; DOUGLAS W. FREESE, JR.; DONNIE
ROWAN; ROBERT ODINET; RICHARD IEYOUB; SHERRIE
STROTHER; MARCUS C. WILLIAMS; JOHN SELLS, Chief;
JOSEPH DRAPER, Lieutenant; NFN GRAY, Deputy; SHERRIE
LOWE; FLORA G. JONES; ALAN G. POTTS; JAMIE McLAMB;
YVONNE ROOFNER; STEPHEN PRATOR; J.T. MULLER;
T.W. OSTER,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1778)

September 8, 1999

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

POLITZ, Circuit Judge:[*]

William C. Richardson, a Louisiana prisoner, appeals the district court's

summary judgment in favor of the defendants in his 42 U.S.C. § 1983 civil rights

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

action.  We review *de novo* the grant of summary judgment, applying the same standard as the district court.[1]  For the reasons assigned, we affirm.

Richardson first contends that the district court erred in granting a summary judgment in favor of Judge Frank H. Thaxton, III concerning his claim that the search warrant issued by Judge Thaxton was illegal.  Judge Thaxton is entitled to absolute judicial immunity; the district court did not err in granting a summary judgment on this claim.[2]

Richardson next contends that the district court erred in dismissing his claim that Caddo District Attorney Paul Carmouche, Assistant District Attorney Powell Layton, investigator Don Ashley, Louisiana Attorney General Richard Ieyoub, and Assistant Attorneys General Douglas Freese, Donnie Rowan, and Robert Odinet conspired to obtain a search warrant illegally and exceeded the scope of the search warrant.  These defendants are entitled to prosecutorial immunity; the district court's grant of summary judgment was not in error.[3]

Third, Richardson contends that the district court erred in dismissing his claim that the Shreveport Police Chief Stephen Prator and Officers Jimmy Muller and T.W. Oster intimidated witnesses and Richardson's relative and that they altered witnesses's statements.  The claim that these defendants intimidated witnesses in April and May 1994 is prescribed; the challenged actions allegedly

---

[1]  **New York Life Ins. Co. v. Travelers Ins. Co.**, 92 F.3d 336 (5th Cir. 1996).

[2]  *See* **Mays v. Sudderth**, 97 F.3d 107 (5th Cir. 1996).

[3]  *See* **Kerr v. Lyford**, 171 F.3d 330 (5th Cir. 1999).

occurred over one year before Richardson filed his complaint on May 9, 1996.[4] Richardson's affidavit filed with his opposition to the motion for summary judgment merely repeats his conclusional allegations, and such allegations are not sufficient to establish a genuine issue of material fact.[5] Therefore, the district court did not err in granting summary judgment in favor of these defendants.

Fourth, Richardson asserts that the district court erred in dismissing his claim that the Caddo Parish Sheriff's Department employees conspired to obtain an illegal search warrant and exceeded the scope of the warrant. Again, his affidavit merely repeats conclusional allegations and does not present competent evidence that these defendants conspired to obtain a search warrant illegally or that they exceeded the scope of the warrant.[6]

Fifth, Richardson maintains that the district court erred in dismissing his claim that the Sheriff's Department employees denied him access to the courts by intentionally withholding his legal mail for several days, resulting in his medical malpractice lawsuit ultimately being dismissed as untimely. The constitutionally protected right of access to the courts does not extend beyond the right to challenge a conviction, sentence, or the conditions of confinement and the district court did not err in dismissing this claim.[7]

---

[4] *See* **Davis v. Louisiana State Univ.**, 876 F.2d 412 (5th Cir. 1989).

[5] *See* **Little v. Liquid Air Corp.**, 37 F.3d 1069 (5th Cir. 1994)(en banc).

[6] *See* **id.** at 1075.

[7] *See* **Lewis v. Casey**, 518 U.S. 343 (1996).

Richardson next contends that the district court erred in dismissing his claim that the Sheriff's Department employees gave certain unspecified legal information obtained from his legal mail to prosecutors. These allegations are conclusional and insufficient to establish a genuine issue of material fact; there was no error in their dismissal.[8]

Seventh, Richardson asserts that the district court abused its discretion in denying his motion to recuse the magistrate judge. Richardson offered no competent evidence that the magistrate judge had a personal, extrajudicial bias. The district court did not abuse its discretion in denying the motion to recuse the magistrate judge. Adverse rulings, without more, are not sufficient to support a recusal motion.[9]

Eighth, Richardson claims that the district court abused its discretion in denying his motion to amend his complaint to add new defendants. This motion was filed after the district court had entered a summary judgment in favor of all defendants except the Sheriff's Department employees. In denying same the district court did not abuse its discretion.[10]

Finally, Richardson contends that the district court erred in staying discovery until it ruled on the motion for summary judgment filed by the Sheriff's Department employees and the Caddo Parish District Attorney and employees.

---

[8] *See* **Little**, 37 F.3d at 1075.

[9] *See* **United States v. MMR Corp.**, 954 F.2d 1040 (5th Cir. 1992).

[10] *See* **Briddle v. Scott**, 63 F.3d 364 (5th Cir. 1995).

Richardson suggests only vague assertions that additional discovery would have produced discrepancies of fact. The district court did not err in staying discovery.[11]

AFFIRMED.

---

[11] *See* **International Shortstop, Inc. v. Rally's, Inc.**, 939 F.2d 1257 (5th Cir. 1991).