IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30104
Conference Calendar

_____

ISAAC I. OMOIKE,

                                        Plaintiff-Appellant,

versus

LOUISIANA STATE UNIVERSITY, STATE BOARD OF
SUPERVISORS; UNKNOWN GROEDNER, DR.; UNKNOWN
GODBER; UNKNOWN MULLINS; UNKNOWN COOPER;
UNKNOWN FOGEL; UNKNOWN ORANGO; UNKNOWN CHEEK;
UNKNOWN COLLINS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-171
--------------------

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Isaac Omoike appeals the district court's order granting a
motion to dismiss for failure to state a claim against any
defendant.  Omoike's brief does not address the district court's
holding that Omoike failed to state a constitutional claim
against several defendants, and the issue is unreviewable on
appeal.  Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although Omoike contends without legal support that prescription does not apply against the remaining defendants because their improper actions have resulted in a continuing violation, this assertion runs counter to settled case law.  See Davis v. Louisiana State Univ., 876 F.2d 412, 413 (5th Cir. 1989).  As Omoike has failed to brief one issue and has failed to identify district court error in the other, the appeal is frivolous and is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

We previously cautioned Omoike that any additional frivolous appeals would invite the imposition of sanctions.  See Omoike v. State of Louisiana, No. 98-30193 (5th Cir. June 2, 1998) (unpublished).  This court may impose sanctions on a litigant *sua sponte*.  See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988).  Accordingly, IT IS ORDERED that Omoike is sanctioned $105, the cost of bringing this appeal.  IT IS ALSO ORDERED that Omoike remit payment to the Clerk of this court.  Omoike is reminded that, pursuant to this court's opinion in Omoike v. State of Louisiana, No. 98-31037 (5th Cir. June 15, 1999) (unpublished), he is barred from filing any *pro se* pleading or appeal in this court or in any court subject to this court's jurisdiction, without the advance written permission of a judge of the forum court.

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS IMPOSED.