Juan CASTILLO, Plaintiff–Appellant,

v.

M. GROGAN, et al., Defendants–Appellees.

No. 02–5294.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

## ORDER

Juan Castillo, a California prisoner, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Castillo sued transportation officers M. Grogan and D. Watkins, and their employer TransCor America (TransCor), a Tennessee corporation, in December 2001. Castillo alleged that on June 27, 2000, the defendants violated his Eighth Amendment rights when they beat him, sprayed him with pepper spray, and threatened to shoot him while transporting him from a jail in Nevada to one in California. The alleged attack took place in Oregon. The district court granted Castillo in forma pauperis status, screened the complaint, and dismissed the complaint as frivolous. See 28 U.S.C. § 1915(e). The court held that Castillo's complaint was barred by Tennessee's one-year statute of limitations.

In his appeal, Castillo argues that the district court should have applied Oregon's two-year statute of limitations and found his complaint timely.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court erred by sua sponte dismissing Castillo's action as barred by Tennessee's statute of limitations. When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate. *Pino v. Ryan,* 49 F.3d 51, 53–54 (2d Cir.1995). In this case, however, there is some question as to which state's statute of limitations should be applied.

The general rule is that federal courts apply state personal injury statutes of limitations to claims brought under § 1983. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Although this case was filed in Tennessee, the action arose in Oregon. At least one circuit has held that "the law of the state in which the alleged action arose controls." *Glover v. Johnson,* 831 F.2d 99, 100 (5th Cir.1987). The same court later recognized an apparent conflict between this holding and 42 U.S.C. § 1988: "the terms of 42 U.S.C. § 1988 suggest that the relevant law is that of 'the State wherein the court having jurisdiction of such civil or criminal cause is held.'" *Davis v. Louisiana State Univ.,* 876 F.2d 412, 413 (5th Cir.1989). The court did not resolve the issue because it held that the case in question arose in the forum state. *Id.*

Sua sponte dismissal of Castillo's complaint as frivolous was not appropriate because the statute of limitations defense is not obvious from the face of the complaint. *See Pino,* 49 F.3d at 53–54. The statute of limitations for personal injury actions arising in Tennessee and brought under the

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

federal civil rights statutes is one year. Tenn.Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997). The statute of limitations for § 1983 claims arising in Oregon is two years. Oregon Rev. Stat. § 12.110(1); *Cooper v. City of Ashland,* 871 F.2d 104, 105 (9th Cir.1989). Thus, Castillo's complaint would be untimely under Tennessee law but timely under Oregon law. While the Tennessee statute of limitations may ultimately be found to apply, its application is not sufficiently obvious to merit sua sponte dismissal under § 1915.

For the foregoing reasons, we vacate the district court's order and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*