IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-30248
Summary Calendar

RICHARD GALLEGOS, JR

Plaintiff-Appellant

v.

SLIDELL POLICE DEPARTMENT; Slidell Police Officers; UNIDENTIFIED
PARTIES

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-9494

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Gallegos, Jr. appeals the district court's dismissal of his civil rights complaint for failure to comply with a court order to identify by name the Slidell police officers discussed in his complaint. Although the district court dismissed Gallegos's suit without prejudice, the dismissal is effectively with prejudice due to the one-year statute of limitations. See Owens v. Okure,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

488 U.S. 235, 249-50 (1989); Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996); Davis v. Louisiana State Univ., 876 F.2d 412, 413 (5th Cir. 1989).

The record does not show that Gallegos's failure to comply with the court's order was the result of contumaciousness or an attempt to delay the proceedings. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, Gallegos was likely entitled to conduct discovery to determine the identities of the unnamed defendants, as "[i]t is conceivable that" readily available documentation would reveal the identities of the officers who participated in the allegedly illegal arrest. See Murphy v. Kellar, 950 F.2d 290, 293 (5th Cir. 1992). Consequently, the judgment of the district court is REVERSED and the case is REMANDED to afford Gallegos the opportunity to conduct discovery. See id.