[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12147
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24483-CMA

GUSTAVO GOMEZ,
Plaintiff is a prisoner of the State of California,
confined by the Florida Dept. of Corrections at Dade
Correctional Institution under the Interstate Compact
Agreement,

Plaintiff-Appellant,

versus

STATE OF CALIFORNIA,
Superior court of California, (County of Ventura),
Case No.: CR22052,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 18, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Gustavo Gomez, a California prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint as barred by the statute of limitations. After careful review, we affirm.

I.

In 1994, Gomez was convicted in California of second-degree murder. He is currently serving his sentence in a Florida state prison under an interstate compact agreement between California and Florida. On November 25, 2015, while in Florida, Gomez filed a complaint against the State of California and Ventura County Assistant District Attorney Donald Grant. Gomez alleges the prosecution never advanced any motive for the murder and that there was insufficient crime scene evidence to convict him. He also alleges the judge improperly withheld evidence from the jury, and that the prosecution withheld favorable evidence from him, both in violation of his due process rights.

2

Due to some deficiencies in Gomez's complaint, the district court asked him to file an amended complaint. Gomez did so, alleging the same misconduct with more specificity. Because Gomez is a prisoner proceeding in forma pauperis seeking redress from a governmental entity, his complaint was subject to an initial screening under 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge who screened Gomez's amended complaint recommended it be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because it was barred by the statute of limitations. After reviewing the magistrate judge's report and Gomez's amended complaint, the district court dismissed Gomez's complaint with prejudice because it was barred by the statute of limitations. The district court found it unclear whether the Florida or California statute of limitations applied, but further found that Gomez's complaint was not timely filed under either state's law. The district court therefore concluded his complaint was due to be dismissed. Gomez now appeals that decision.

## II.

We review de novo the district court's decision to dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). "The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply" to a dismissal under § 1915(e)(2)(B)(ii). Douglas v. Yates, 535 F.3d 1316,

3

1320 (11th Cir. 2008).  Dismissal under Rule 12(b)(6) "on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred."  Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir. 2013) (per curiam) (quotation omitted).  We review independently "the district court's ruling concerning the applicable statute of limitations."  Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam) (quotation omitted).  This Court also liberally construes pro se pleadings and briefs, but "issues not briefed on appeal by a pro se litigant are deemed abandoned."  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam); see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Section 1983 claims are governed by the applicable state's residual personal injury statute of limitations.  See City of Hialeah v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002).  The district court correctly stated that this Court has not yet decided for § 1983 actions whether to apply the statute of limitations from the forum state in which the case is brought or instead from the state where the alleged injury occurred.  And again here, we need not reach that issue today.  Under either the Florida or California statute of limitations, Gomez's complaint was not timely filed.

In Florida, the relevant statute of limitations is four years.  See id.; Fla. Stat. § 95.11(3)(p).  In California, it is one year.  See Canatella v. Van De Kamp, 486

4

F.3d 1128, 1132–33 (9th Cir. 2007) ("[A]ny cause of action . . . more than one-year old as of January 1, 2003 [is] barred under the previous one-year statute of limitations."). In the circumstances of Gomez's case, we must also apply any statutory tolling period. See Dukes v. Smitherman, 32 F.3d 535, 537 (11th Cir. 1994) (per curiam). Florida does not allow statutory tolling for prisoners. Fla. Stat. § 95.051. California law allows for up to two years from the accrual of a claim that accrued before January 1, 1995. See Johnson v. California, 207 F.3d 650, 654 (9th Cir. 2000) (per curiam). Although both states allow for equitable tolling, see Williams v. Albertson's, Inc., 879 So. 2d 657, 659 (Fla. 5th DCA 2004); Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999), Gomez has made no allegation in his complaint that would justify equitable tolling. Neither has he raised any equitable tolling argument on appeal. We must therefore view that argument as abandoned. See Timson, 518 F.3d at 874.

As a result, Gomez had four years under Florida law and up to three years under California law in which to bring suit. Viewing the allegations in his complaint as true, the misconduct he complains of occurred leading up to his 1994 conviction. This § 1983 action was not brought until over twenty-one years later, in 2015. Under either state's statute of limitations then, Gomez's complaint is time-barred. For this reason, we conclude the district court did not err in

dismissing Gomez's complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED.**