Anthony DIXON, Plaintiff–Appellant,

v.

James A. CHRANS, Dick Irving, S. Jordan, et al., Defendants–Appellees.

No. 91–2998.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 2, 1993.

Decided Feb. 18, 1993.

Lindsay P. Reichmann (argued), Richard B. Kapnick, Sidley & Austin, Chicago, IL, for plaintiff-appellant.

Brian F. Barov (argued), Office of Atty. Gen., Criminal Appeals Div., Tanya Solov, Office of Atty. Gen., Civil Appeals Div., Chicago, IL, for defendants-appellees.

Before CUMMINGS and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This is an appeal by Anthony Dixon from the *sua sponte* dismissal of his civil rights suit brought under 42 U.S.C. § 1983 against officials of the Pontiac Correctional Center. We must decide whether the district court erred in applying an exception to an Illinois rule tolling the statute of limitations governing Dixon's suit. Because we conclude that the tolling exception that the district court applied is inconsistent with the purposes of § 1983, we reverse the dismissal of Dixon's complaint and remand for further proceedings.

## I.

After a hearing on October 22, 1987, Pontiac's prison adjustment committee concluded that Dixon was involved in the murder of a prison guard. The committee revoked 360 days of his good time credit, gave him 360 days of segregation, and demoted him to "C" grade for 360 days.

After an early, abortive attempt to bring suit against officials of the Illinois Department of Corrections (IDOC) in 1987, Dixon eventually filed suit in February of 1991 pursuant to 42 U.S.C. § 1983 based on the committee's actions. Dixon moved under 28 U.S.C. § 1915 for appointment of counsel. The district court issued an order in which it *sua sponte* raised the statute of limitations. The court noted that, under Illinois law, imprisonment was once considered a legal disability which tolled the limitations period, but that disability was removed for persons imprisoned on a criminal charge with respect to claims against IDOC or its employees. The court ordered that Dixon show cause why his complaint should not be dismissed as time-barred, and it denied Dixon's motion for appointment of counsel. Dixon responded with two arguments, neither of which he raises on appeal. The district court was unpersuaded and dismissed the complaint as barred by the statute of limitations. Dixon appealed, and we appointed counsel.

## II.

Dixon argues on appeal that the district court should not have relied on Illinois' special tolling rule for actions against IDOC officials. He further contends that this special tolling rule is inconsistent with the purposes of § 1983 and thus pursuant to 42 U.S.C. § 1988 cannot be applied to his suit. Finally, Dixon maintains that the district court erred by raising the statute of limitations *sua sponte*. The defendants dispute the merits of each of these arguments. They also claim that Dixon waived these arguments by not presenting them to the district court.

### A. *Did Dixon Waive Arguments not Presented to the District Court?*

 Arguments not presented to the district court are generally waived on appeal. *House v. Belford,* 956 F.2d 711, 720 (7th Cir.1992). We have not routinely spared pro se litigants from the same waiver rules attorneys face. *See, e.g., Wilson v. Giesen,* 956 F.2d 738, 741 (7th Cir.1992) (pro se appellant's argument waived when raised for the first time in reply brief). However, this appeal comes to us in the special procedural posture of a *sua sponte* dismissal under 28 U.S.C. § 1915(d).[1] Thus, we review this dismissal "not only to determine whether the arguments the plaintiff made were valid, but also to determine whether the plaintiff *could* have made 'any rational argument in law or fact to support his claim for relief.'" *Belford,* 956 F.2d at 720 (citation omitted). Because of this unique standard of review, we will proceed to consider the arguments Dixon presents on appeal. *Id.*

1. Although the district court did not specifically state that it was dismissing Dixon's complaint pursuant to § 1915(d), the dismissal followed on the heels of Dixon's motion for appointment of counsel pursuant to 28 U.S.C. § 1915, and it came before the defendants answered the complaint.

2. Section 1988 provides in part that in civil rights cases the district court's jurisdiction

shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into

### B. *Was Dixon's Complaint Timely?*

 Congress has provided no specific statute of limitations for § 1983 actions. Instead, Congress has decreed that state statutes of limitations will apply in § 1983 actions unless the state laws are inconsistent with federal law. 42 U.S.C. § 1988.[2] Of course, states often have different statutes of limitations for different types of actions; the Supreme Court has held that for the purposes of selecting a statute of limitations, § 1983 actions are best characterized as personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). When a state has several potentially applicable statutes of limitations relating to personal injury actions, the one that governs a § 1983 case is "the general or residual statute for personal injury actions." *Owens v. Okure,* 488 U.S. 235, 250, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989). If a question of tolling arises, it is state law that governs. *Hardin v. Straub,* 490 U.S. 536, 539, 109 S.Ct. 1998, 2000, 104 L.Ed.2d 582 (1989); *Board of Regents v. Tomanio,* 446 U.S. 478, 485–86, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980).

#### 1. *Which State Limitations Rules Apply?*

Dixon brought this action in the Central District of Illinois, so Illinois law provides the statute of limitations and any relevant tolling rules. There is no disagreement over which statute of limitations applies. We have already determined that § 1983 cases arising in Illinois are governed by Ill.Rev.Stat. ch. 110, ¶ 13–202, which provides two years in which to file suit. *Giesen,* 956 F.2d at 741. The question is

effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies ... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause.

whether the running of this statute was tolled.

■ To determine this, we must trace the history of the one potentially relevant tolling rule. Until 1987, Illinois law treated imprisonment as a legal disability that tolled the statute of limitations while the plaintiff was still in prison. Ill.Rev.Stat. ch. 110, ¶ 13–211 (1987). The Illinois legislature established an exception to this tolling rule in 1987 for claims by prisoners that were directed against IDOC or its employees. Act of Nov. 23, 1987, Pub. Act 85–907, art. II, sec. 1, ¶ 13–211, 1987 Ill. Laws 3832. After this amendment ("the 1987 amendment"), ¶ 13–211 provided in part that if a person bringing an action

(iii) is imprisoned on a criminal charge and the claim is not against the Illinois Department of Corrections or any past or present employee or official of the Department of Corrections, then he or she may bring the action within two years after ... (iii) the person ceases to be imprisoned.

It was this amended version of ¶ 13–211 that was in effect at the time of Dixon's hearing before the adjustment committee.[3] The district court applied the amended version of ¶ 13–211, determined that the statute of limitations was not tolled for Dixon's action, and concluded that his 1991 complaint was filed late.

■ Dixon argues that the district court erred by applying the wrong tolling rule to his cause of action. To be specific, Dixon does not contend that the pre–1987 version of ¶ 13–211 should have been applied; rather, he argues that "[t]he 1987 Illinois statute amending Section 13–211 established two sets of tolling rules: one for actions against IDOC officials, and one for all other specified actions." He argues that the district court "erroneously characterized his Section 1983 claim as an action against IDOC officials, not as a general personal injury action." This characterization, he claims, violated *Garcia, Owens* and *Hardin.*

We have difficulty with Dixon's position. In our view, the 1987 amendment did not create two sets of tolling rules for prisoners; rather, it simply modified the one existing tolling rule for prisoners so that actions against IDOC officials would no longer be tolled. This is perhaps why although Dixon objects to the district court's literal application of ¶ 13–211(iii), he fails to identify specifically what tolling rule the court should have applied. True, he suggests that the court should have applied Illinois' tolling rules for general personal injury actions. However, Illinois has no tolling rule designed *specifically* for general personal injury claims.

We also disagree with Dixon's position that Supreme Court precedent absolutely forbids a court from characterizing a suit as one against public officials when deciding which tolling rule to apply. None of the cases cited to us mandates such a result. *Garcia* comes closest, but the issue there was how a § 1983 suit should be characterized for the purpose of choosing a statute of limitations, not a tolling rule. Of course, if a state had one tolling provision for general personal injury actions *and* one for suits against public officials, then Dixon is probably right that a court would have to characterize a § 1983 suit as a general personal injury claim rather than a claim against public officials, *Hardin,* 490 U.S. at 539, 109 S.Ct. at 2000, but that situation does not exist here. Without a tolling provision for general personal injury actions, the process of deciding which state tolling rule to apply involves the straightforward application of the rules as written. To proceed otherwise, for example to apply ¶ 13–211 yet ignore the fact that Dixon's suit is one against public officials, would unravel, if not dissect, the state's limitations rules. The Supreme Court has admonished lower courts not to do this— unless fully applying those rules would defeat the goals of the federal statute at issue, *id.,* a question to which we now turn.

---

3. In 1989, the Illinois legislature abolished completely the tolling rule for persons imprisoned on a criminal charge. Act of Sept. 6, 1990, Pub.

Act 86–1329, sec. 4, ¶ 13–211, 1990 Ill. Laws 2594. This change took effect January 1, 1991, well after Dixon's cause of action accrued.

### 2. Is Illinois' Exception to Tolling for Prisoner Suits Against IDOC Officials Inconsistent with Federal Law?

We cannot give effect to the 1987 amendment, which creates an exception to tolling for prisoner suits against IDOC officials, if it is "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988. Although we have applied the 1987 amendment to prisoners' § 1983 suits in two previous cases, neither of these cases addressed the arguments Dixon raises here. *See Wilson v. Giesen,* 956 F.2d 738 (7th Cir.1992); *Pearson v. Gatto,* 933 F.2d 521 (7th Cir.1991).

Dixon argues that the special exception for prisoners' claims against IDOC officials is inconsistent with the purposes of § 1983, which are prevention of the abuse of state power and compensation for violations of constitutional rights. *Burnett v. Grattan,* 468 U.S. 42, 53, 104 S.Ct. 2924, 2931, 82 L.Ed.2d 36 (1984). The defendants argue to the contrary. They claim that the Supreme Court "has struck down [as inconsistent with § 1983] only those state rules that create conditions precedent, exhaustion requirements or provide truncated limitations periods for civil rights actions."

■ We believe that Dixon has the stronger argument. While the defendants focus on the nature of the state rules struck down in previous Supreme Court cases, Dixon focuses on the Supreme Court's *reasons* for striking down those state rules, and the cases he cites are instructive. For example, in *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), a Wisconsin statute required that before a claim against a state or local official could be brought in state court, the plaintiff first had to inform the defendant of the basis of the claim and allow 120 days for the defendant to consider the requested relief. The Court struck down this notice requirement as inconsistent with § 1983 for several reasons. The Court explained that § 1983 achieves its goals by

creating a form of liability that, by its very nature, runs only against a specific class of defendants: government bodies and their officials. Wisconsin's notice-of-claim statute undermines this "uniquely federal remedy" in several important ways. [Among them], it conditions the right of recovery that Congress has authorized, and does so for a reason manifestly inconsistent with the purpose of the federal statute: to minimize governmental liability. Nor is this condition a neutral and uniformly applicable rule of procedure; rather, it is a substantive burden imposed only upon those who seek redress for injuries resulting from the use or misuse of governmental authority.

*Id.* at 141, 108 S.Ct. at 2308 (citation omitted); *see also Burnett,* 468 U.S. at 54–55, 104 S.Ct. at 2931–2932, 82 L.Ed.2d 36 (1984) (rejecting protection of public officials as justification·for applying shortened statute of limitations to civil rights claims). Thus, while a state may choose not to confer a tolling benefit at all, *see Hardin,* 490 U.S. at 544, 109 S.Ct. at 2003, it may not generally confer such a benefit but withhold it with respect to claims brought against government officials when this results in a burden on a federal cause of action. *See Felder, supra.*

■ In this case, the amended version of ¶ 13–211 singled out claims against certain public officials and made it more difficult for § 1983 plaintiffs to sue them. The defendants are correct that the 1987 amendment did not discriminate between § 1983 and state-created causes of action. However, a similar argument could be made in support of the Wisconsin notice-of-claim statute in *Felder.* That statute applied equally to federal and state causes of action brought against governmental defendants in Wisconsin state court. The Court nevertheless rejected the notice provision, in part, because it burdened the plaintiff's § 1983 action. Similarly, the clear purpose and effect of the 1987 amendment was to limit the availability of relief for claims against IDOC officials, including § 1983 claims. This burden on actions against IDOC officials is inconsistent with § 1983. Hence, Dixon was enti-

tled to have the statute of limitations tolled despite the 1987 amendment to ¶ 13–211(iii). *See Hughes v. Sheriff of Fall River County Jail,* 814 F.2d 532, 536 (8th Cir.) (applying state tolling law for prisoners despite express tolling exception for § 1983 claims), *cert. denied and appeal dismissed,* 484 U.S. 802, 108 S.Ct. 46, 98 L.Ed.2d 10 (1987).

### III.

The judgment of the district court dismissing Dixon's § 1983 claim is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.[4]

**4.** In light of the disposition of this appeal, we need not address Dixon's alternate argument that the district court erred by raising the statute of limitations issue *sua sponte.*