19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Orlandis BOLDEN, Plaintiff-Appellant,
v.
Darryl L. WINKELMAN, et al., Defendants-Appellees.
 No. 92-2877.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided March 3, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Orlandis Bolden, an Illinois prisoner, appeals from the entry of a final judgment by the magistrate judge, 28 U.S.C. Sec. 636(c), in favor of correctional officer Darryl Winkelman following a bench trial in this civil rights case. Bolden also appeals from the magistrate judge's dismissal of his claim against correctional officer Craig Valleroy. We reverse the dismissal of Bolden's claim against Valleroy and affirm in all other respects.
 
 
 2
 Bolden first asserts that the magistrate judge abused his discretion in failing to rule on Bolden's motion for summary judgment prior to trial. The decision whether to rule on a motion for summary judgment prior to trial is within the trial court's discretion. Williams v. Howard Johnson's, Inc., 323 F.2d 102, 104 (4th Cir.1963) ("It is ordinarily within the discretion of the trial court to refuse to pass on a motion for summary judgment and to proceed with a trial on the merits...."); Woods v. Robb, 171 F.2d 539, 541 (5th Cir.1948) ("The refusal to pass on the motion for a summary judgment was within the discretion of the trial court; it is not reversible error."); 6 James W. Moore et al., Moore's Federal Practice, para. 56.15(6), at 323-25 (2d ed. 1988). The magistrate judge did not abuse his discretion because Bolden clearly failed to meet the requirements of Federal Rule of Civil Procedure 56(c). Bolden's motion cited no legal authority and was unsupported by any depositions, answers to interrogatories, admissions, or affidavits.
 
 
 3
 We are at a loss to understand, moreover, how Bolden was prejudiced by the magistrate judge's failure to rule on the motion. Bolden concedes in his brief that he does not "contend that he would have won the summary judgment." Appellant's Br. at 7. In light of the result of the bench trial, Bolden could hardly contend otherwise. "When in due course the final trial is had on the merits it becomes the best test of the rights of the movant. If he wins on the trial he has his judgment. If he loses on a fair trial it shows that he ought not to have any judgment." Woods, 171 F.2d at 541.
 
 
 4
 Bolden next asserts that the magistrate judge abused his discretion in refusing to permit Bolden to introduce evidence showing "a pattern of undisputed and unchecked violence" at the Menard Correctional Center. Review of this claim is impossible because Bolden has neglected to submit a transcript of any part of the bench trial.[1] We have "no alternative but to dismiss an appeal if the absence of a transcript precludes meaningful review." Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990); see also Stookey v. Teller Training Distrib., Inc., 9 F.3d 631, 636 (7th Cir.1993); Woods v. Thieret, 5 F.3d 244, 245 (7th Cir.1993); Fed.R.App.P. 3(a). Therefore, this claim is dismissed.
 
 
 5
 Bolden also asserts that the magistrate judge abused his discretion in vacating the entry of default against Winkelman under Federal Rule of Civil Procedure 55(c). In order to vacate the entry of default, Winkelman was required to show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to Bolden's complaint. United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir.1989) (citing Breur Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 185 (7th Cir.1982)). "The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context." Id. Winkelman has satisfied this burden.
 
 
 6
 Winkelman had good cause for the default. Winkelman's affidavit, which was attached to his motion to vacate the entry of default, states that when he was served with process, he contacted Darrell Williamson, a Special Assistant Attorney General of the State of Illinois. Williamson informed Winkelman that he would "take care of" the case, but no responsive pleading was ever filed by Williamson after the service, in violation of Federal Rules of Civil Procedure 12(a) and 8(b). The district court therefore entered a default order against Winkelman.
 
 
 7
 We have held that, in setting aside an entry of default or vacating a default judgment, an attorney's conduct must be imputed to his client in any context. DiMucci, 879 F.2d at 1496 (emphasis in original). This holding, however, is inapplicable here because Williamson had no authority to represent Winkelman. As Special Assistant Attorney General, Williamson was expressly authorized to represent clients pursuant to a contract with the Office of the Attorney General. The contract stated that Williamson could provide "all necessary legal and litigation services required in matters as may be assigned by the Office of the Attorney General." Williamson was never assigned to represent Winkelman in this case by the Office of the Attorney General. Therefore, Williamson could not bind Winkelman by failing to appear in the district court. See Bradford Exch. v. Trein's Exch., 600 F.2d 99, 102 (7th Cir.1979) ("An attorney may not consent to a final disposition of his client's case without express authority."). Williamson's misrepresentation to Winkelman concerning his assignment to the case by the Office of the Attorney General, as well as his failure to appear in the district court, establishes good cause for Winkelman's default.
 
 
 8
 Winkelman has also established quick action to correct the entry of default and a meritorious defense to Bolden's complaint. DiMucci, 879 F.2d at 1495. After receiving notice of the entry of default from the clerk of the district court, Williamson contacted Alan R. Farris, an attorney representing him in another case. Farris informed the Attorney General's Office of the entry of default. An Assistant Attorney General then promptly filed a motion to vacate the entry of default on Winkelman's behalf. Winkelman's meritorious defense to the complaint is apparent since the magistrate judge concluded, at the close of the bench trial, that Winkelman did not violate Bolden's Eighth Amendment rights. The magistrate judge properly vacated the entry of default against Winkelman under Rule 55(c) because the requirements of DiMucci were satisfied. DiMucci, 879 F.2d at 1495.
 
 
 9
 Bolden's final argument is that the magistrate judge improperly dismissed his Sec. 1983 claim against Valleroy.[2] The magistrate judge correctly held that Sec. 1983 claims brought in Illinois are subject to the two-year statute of limitations applicable to personal injury claims, 735 ILCS Sec. 5/13-202. Wilson v. Giesen, 956 F.2d 738, 741 (7th Cir.1992) (citing Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir.1989)). Until 1987, imprisonment was a legal disability under Illinois law which tolled the statute of limitations. Ill.Rev.Stat. ch. 110, para. 13-211 (1987). In 1987, the Illinois legislature excepted from this tolling rule claims by persons who were imprisoned at the time the cause of action accrued against the Illinois Department of Corrections ("IDOC") or any past or present employee or official of the Department.[3] Act of Nov. 23, 1987, Pub.Act 85-907, art. II, Sec. 1, para. 13-211, 1987 Ill.Laws 3832. This statute was in effect when Bolden amended his complaint on August 2, 1990, to name Valleroy as a defendant. The magistrate judge held that Bolden's claim against Valleroy did not relate back to the filing of his original complaint, and therefore, the 1987 amendment to the tolling statute was applicable. See Fed.R.Civ.P. 15(c). The magistrate judge held that under this amendment, the limitations period was not tolled while Bolden was in prison.
 
 
 10
 The magistrate judge's conclusion was erroneous. Dixon v. Chrans, 986 F.2d 201 (7th Cir.1993), which was decided while Bolden's appeal was pending,[4] held that the 1987 amendment to the tolling statute could not apply to Sec. 1983 claims of prisoners against IDOC officials. Dixon, 986 F.2d at 205-06. In Dixon, we reasoned that the 1987 amendment was inconsistent with the purposes of Sec. 1983, "which are prevention of the abuse of state power and compensation for violations of constitutional rights." Id. at 205. We further stated that "while a state may choose not to confer a tolling benefit at all ... it may not generally confer such a benefit but withhold it with respect to claims brought against government officials when this results in a burden on the federal cause of action." Id.
 
 
 11
 Our holding in Dixon was retroactively applied to the parties in that case, and therefore is applicable to Bolden's claim against Valleroy. James B. Beam Distilling Co. v. Georgia, 111 S.Ct. 2439, 2447-48 (1991) ("Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application."); see also Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."); Luckett v. Jett, 966 F.2d 209, 213 n. 4 (7th Cir.1992) ("[I]t is error to apply the Chevron analysis to decide that a new rule should be applied prospectively if the rule was retroactively applied to the parties in the case in which it was originally announced." (citing Beam, 111 S.Ct. at 2446)), cert. denied, 113 S.Ct. 1287 (1993); accord United States v. Kimberlin, 776 F.2d 1344, 1346 (7th Cir.1985) ("A court generally applies the law governing at the time of its decision, and if the law changes while the case is on appeal the appellate court applies the new rule."), cert. denied, 476 U.S. 1142 (1986). Therefore, under Dixon, the magistrate judge's dismissal of Bolden's claim against Valleroy must be reversed.
 
 
 12
 Valleroy seeks to avoid this result by requesting this court to grant summary judgment in his favor. Valleroy asserts that the magistrate judge's factual finding after the bench trial that Winkelman and "another correctional officer took immediate steps to end the altercation," as well as Valleroy's affidavit filed by Winkelman in response to Bolden's motion for summary judgment, establish that Valleroy is entitled to summary judgment under Federal Rule of Civil Procedure 56(c).
 
 
 13
 We are reluctant to uphold the dismissal of the complaint on the ground that Valleroy was entitled to summary judgment "without having the benefit of the district court's view on the matter." American Nurses Ass'n v. State of Illinois, 783 F.2d 716, 729 (7th Cir.1986); cf. Martinez v. United Automobile, Aerospace, & Agric. Implement Workers of Am., Local 1373, 772 F.2d 348, 353 (7th Cir.1985) (declining to grant summary judgment to defendant in Title VII case after holding that the district court erroneously dismissed the complaint on statute of limitations grounds). We recently declined to uphold the dismissal of a complaint under 42 U.S.C. Sec. 1983 on the ground that the defendants were entitled to summary judgment. Reed v. Gardner, 986 F.2d 1122 (7th Cir.), cert. denied, 114 S.Ct. 389 (1993). In Reed, we reversed the dismissal of the plaintiffs' claims while acknowledging that the plaintiffs faced "an insurmountable hurdle on summary judgment." Id. at 1125; see also id. at 1129 (Posner, J., dissenting in part) (stating that he could find no case in which a federal appellate court granted summary judgment on its own initiative and in the absence of a motion filed in the district court). Further, it is well-established in this circuit that district courts lack the power to grant summary judgment sua sponte when "the party against whom summary judgment was entered did not have adequate notice and a fair opportunity to present evidence in opposition to the entry of summary judgment." Macon v. Youngstown Sheet and Tube Co., 698 F.2d 858, 861 (7th Cir.1983); accord Lewis v. Faulkner, 689 F.2d 100, 101 (7th Cir.1982) ("[A] district court cannot properly act on a motion for summary judgment without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion and demonstrate that there is a genuine issue of material fact which precludes granting the defendants summary judgment."). If we were to grant summary judgment to Valleroy, Bolden would have had neither adequate notice nor a fair opportunity to present evidence in opposition because the magistrate judge's factual finding and the filing of Valleroy's affidavit occurred after Bolden's claim against Valleroy had been dismissed. Therefore, we decline to grant summary judgment to Valleroy.
 
 
 14
 For the foregoing reasons, we AFFIRM the judgment of the magistrate judge in favor of Winkelman. We REVERSE the dismissal of Bolden's complaint against Valleroy, and the case is REMANDED for further proceedings.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Bolden also failed to file a certificate stating that he did not intend to file a transcript, failed to file a statement of the issues presented for review, and failed to notify the appellees of his intention not to file a transcript, all in violation of Federal Rule of Appellate Procedure 10(b)
 
 
 [2]
 We have jurisdiction to consider the magistrate judge's dismissal of Bolden's claim against Valleroy because the magistrate judge did not certify the dismissal as a final judgment under Federal Rule of Civil Procedure 54(b). This prevented the order dismissing the claim from becoming appealable until the entry of a final judgment as to all parties in the litigation. House v. Belford, 956 F.2d 711, 716 (7th Cir.1992)
 Bolden expressly declined to challenge the dismissal of his claim against James Thieret on appeal, and therefore we do not consider it. Ehrhart v. Secretary of Health & Human Services, 969 F.2d 534, 537 n. 5 (7th Cir.1992).
 
 
 [3]
 In 1989, the Illinois legislature completely abolished the tolling rule for persons imprisoned on a criminal charge. Act of Sept. 6, 1990, Pub.Act 86-1329, Sec. 4, para. 13-211. The Act took effect on January 1, 1991, long after Bolden's cause of action accrued. Id
 
 
 [4]
 Bolden's claim against Valleroy was dismissed in an order entered on June 6, 1991. The magistrate judge entered judgment in favor of Winkelman on April 30, 1992, and Bolden's notice of appeal was timely filed on May 27, 1992. Fed.R.App.P. 4(a). Dixon was decided on February 18, 1993. Dixon, 986 F.2d at 201