In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2661

LARRY FRAZIER,

*Petitioner-Appellant*,

*v.*

JOHN E. VARGA, Warden,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cv-07484 — **Sharon Johnson Coleman**, *Judge*.

ARGUED SEPTEMBER 28, 2016 — DECIDED DECEMBER 1, 2016

Before KANNE, SYKES, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Just days after his release from
prison in 1995, petitioner Larry Frazier entered the apartment
of a sixty-two-year-old woman and attempted to rob her at
gunpoint. For his troubles, he received a bullet wound. Frazier was convicted of home invasion and sentenced to sixty
years. The sentence was increased because of the victim's age.
After failing to obtain relief from the conviction and sentence
in the state courts, Frazier sought federal habeas corpus relief

under 28 U.S.C. § 2254. He now appeals the district court's de-nial of his petition. We affirm.

Frazier's sole claim on appeal is that his trial lawyer was ineffective by failing to warn him he faced a potentially longer sentence based on the victim's age. To reach the merits of Fra-zier's claim, we would need to overcome several procedural obstacles, but one is decisive at the most basic procedural level. The one claim he pursues on appeal was not presented in the district court. "[A]rguments in a federal habeas petition which were not raised to the district court are not properly raised for the first time on appeal." *Mertz v. Williams*, 771 F.3d 1035, 1043 (7th Cir. 2014), citing *Sanders v. Cotton*, 398 F.3d 572, 583 (7th Cir. 2005).

I.  *Factual and Procedural Background*

A.  *The Home Invasion*

We accept the facts determined in the state courts. 28 U.S.C. § 2254(e)(1). At trial, Mary Holman testified that she lived alone in a street-level apartment in Calumet City, Illi-nois. On an early morning in September 1995, she had left the door to her home open as she carted in items from her car.

Frazier had been released recently from prison after serv-ing a sentence for robbery. Seeing Holman's open door that morning, he entered her ground-floor apartment with a coat over his hand. He told her, "I'm gonna shoot you, give me your money," and ordered her to lie down. Holman replied, "I can't, Mister, I got arthritis." She also had no money to give him. Holman tried to stall Frazier by saying she had money stashed around the apartment. She warned Frazier that her husband—a husband she did not have—would be right back.

As Holman started rummaging through drawers, Frazier—also rummaging through drawers—found a .38 caliber revolver in a nightstand. He threatened Holman again: if she did not give him some money, he would shoot her. Finding a cookie tin full of pennies, Holman handed it over. Frazier took a look and dumped the contents of the tin on the floor. He again threatened to kill her if she did not come up with some real money.

Not knowing what else to do, Holman grabbed the gun with both hands and struggled with Frazier. The gun fired, but Holman was not injured. Still, she failed to wrest the gun from Frazier, who now held it to her head. With no other option, she pled for her life, claiming to know where her fictional husband kept the real money. Frazier gave Holman one last chance to search through a table for money, and he demanded her car keys. She tossed them his way, but he did not pick them up.

Holman then saw that Frazier was bleeding. Seeing her chance to escape, she ran from the apartment. Luckily, she found two policemen in a nearby alley and "just ran up to [th]em and fell in their arms." The police found Frazier in Holman's apartment. He was slumped over with a jacket pressed against his chest.

B. *Frazier's Conviction and Sentence*

Frazier survived the gunshot and was indicted on numerous charges. He went to trial on charges of home invasion and residential burglary. Frazier was adamant that he was innocent. His *pro se* motion to dismiss the indictments asserted that he entered the apartment only after he heard a woman scream, and that he, having been shot after trying to help, was

the real victim. In a pre-trial letter to the trial judge, Frazier asked for an "equal chance" to prove his innocence at trial. Frazier told his lawyer that he did not want to pursue a plea because he "was innocent and wanted a jury trial so that he could tell his story."

Still, Frazier's fingerprints were found on the cookie tin. An analysis of his shirt revealed that the gun was discharged from less than a foot away but not in contact with the shirt, corroborating Holman's testimony. The jury quickly found Frazier guilty.

At sentencing, Frazier still maintained his innocence. The maximum term on the Class X home invasion felony was thirty years, 730 Ill. Comp. Stat. 5/5-8-1(a)(3) (West 1999), but that maximum was increased by thirty additional years because Holman was a vulnerable victim over sixty years old. 730 Ill. Comp. Stat. 5/5-8-2(a)(2), 5/5-5-3.2(b)(4)(ii) (West 1999). The judge sentenced Frazier to an extended-term sentence of sixty years. The judge emphasized Frazier's recent release from prison and his extensive criminal history, which included convictions for multiple robberies.

C. *Direct Appeal & State Post-Conviction Proceedings*

Frazier found no relief from the state courts. On direct appeal, the Illinois Appellate Court denied Frazier's request for new counsel but initially granted him leave to file a supplemental *pro se* brief. See *People v. Frazier*, 810 N.E.2d 325 (Ill. App. 2001) (mem.). The court was then persuaded by the State that Illinois law did not permit an appellant to proceed simultaneously *pro se* and with counsel. The court struck the *pro se* brief without addressing the merits of any of the twenty-

eight additional arguments that Frazier raised in the *pro se* filing. *Id*.

The brief filed by Frazier's appellate counsel, which the court did consider, raised a single claim: that the extended-term sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the victim's age was not proven at trial. The appellate court affirmed, holding that any failure to present or prove the victim's age was harmless error. 810 N.E.2d 325. The Illinois Supreme Court denied leave to appeal.

Frazier then filed a *pro se* petition for post-conviction relief in state court and amended it several times. These *pro se* filings asserted varied claims contesting the conviction, the enhanced sentence, and the adequacy of counsel. Frazier's appointed counsel did not amend the *pro se* filing, and the trial court denied Frazier's *pro se* petition because he did not establish the requisite insufficient performance and prejudice for a successful ineffective assistance of counsel claim. *People v. Frazier*, No. 1-09-1889, 2011 Ill. App. Unpub. LEXIS 2446, at *7 (Ill. App. 2011).

On appeal from the denial of post-conviction relief, Frazier's appointed counsel raised a single claim: ineffective assistance of post-conviction relief counsel for failure to "make any amendments necessary for an adequate presentation of Frazier's ineffective assistance of counsel claim." The court affirmed the denial of relief, noting the general rule that there is no constitutional right to post-conviction counsel and finding that Frazier had not shown deficient performance under the Illinois Post-Conviction Hearing Act. *Frazier*, 2011 Ill. App. Unpub. LEXIS 2446, at *9–16.

D.  *Federal Habeas Corpus*

After exhausting state court remedies, Frazier filed a *pro se* habeas petition in the federal district court. He listed four grounds for relief: (1) "failure to notify of sentence enhancement," (2) "petitioner was sentenced to an extended term sentence on a factual finding by the Judge," (3) "the appellate court ruled *Apprendi* violation on sentence and conviction 'harmless error,'" and (4) "the ineffectiveness of trial counsel, appellate counsel, and post-conviction appellate counsel." He also filed a separate motion to supplement his petition asserting "a free standing claim of Actual Innocence … as well as Legal Innocence."

Giving the *pro se* petition a flexible and generous reading, the district court interpreted it as presenting two claims: an *Apprendi* claim and an ineffective assistance of counsel claim that in turn had three parts—"(1) trial counsel failed to bring a motion for a sentence reduction before filing the direct appeal; (2) appellate counsel allegedly failed to raise any other issues on direct appeal besides the *Apprendi* issue; and, (3) post-conviction trial counsel was ineffective for not raising the failures by trial and direct appeal counsel." *Frazier v. Acevedo*, No. 11 C 7484, 2015 WL 4506717, at *2 (N.D. Ill. 2015).

The district court held that the state appellate court's ruling on the *Apprendi* claim was not an unreasonable application of clearly established Supreme Court precedent. The court dismissed the claim for ineffective assistance of post-conviction relief counsel because generally there is no federal right to post-conviction counsel. The court then found that Frazier had procedurally defaulted the two other claims for ineffective assistance of counsel. Frazier's complaint that his trial lawyer did not move for a sentence reduction was never

presented through a full round of state review, as required for federal habeas relief.

The district court took a detailed look at whether the claim for ineffective assistance of appellate counsel for failure to raise issues in addition to the *Apprendi* issue had been fairly presented to the state courts. The issue turned on whether Frazier's stricken *pro se* filings in his appeal fairly presented the claim. The district court ultimately concluded that the *pro se* filings did not present the issue fairly so that this claim was also defaulted. The court also found that the procedural default could not be excused. Finally, the court rejected Frazier's attempt to excuse his default by showing actual innocence. We granted a certificate of appealability on the ineffective assistance of counsel claims based on the failure to seek a reduced sentence and to raise additional issues on appeal.

II. *The New Claim on Appeal*

With the help of able counsel in this appeal, and with ample time to evaluate the issues, Frazier has not pursued the issues on which we granted a certificate of appealability. The only claim presented to us on appeal is "that trial counsel was ineffective for failing to put Petitioner on notice he was eligible for an extended-term sentence because of the victim's age." On the merits, the premise of this claim is that Frazier would have been willing to plead guilty if he had known he faced the extended sentence for an older victim, though we must note that we see no indication in the record that Frazier would have been willing to do so or that the prosecutor would have offered a deal acceptable to him.

We do not decide the merits of the claim, however, because it was not presented to the federal district court. Regardless of

whether a habeas claim was fairly presented or defaulted in
the state courts, if an argument was not presented to the fed-
eral district court, it is forfeited in this court. *Pole v. Randolph*,
570 F.3d 922, 937 (7th Cir. 2009). "[A]rguments in a federal ha-
beas petition which were not raised to the district court are
not properly raised for the first time on appeal." *Mertz v. Wil-
liams*, 771 F.3d 1035, 1043 (7th Cir. 2014), citing *Sanders v. Cot-
ton*, 398 F.3d 572, 583 (7th Cir. 2005); see also *Dixon v. Chrans*,
986 F.2d 201, 203 (7th Cir. 1993).

To avoid this critical problem, Frazier points out correctly
that we should construe his *pro se* filings liberally. See *Erickson
v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429
U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully
pleaded, must be held to less stringent standards than formal
pleadings drafted by lawyers." *Id*. Accordingly, *pro se* habeas
petitions are "entitled to a liberal construction." *Perruquet v.
Briley*, 390 F.3d 505, 512 (7th Cir. 2004), citing *Jackson v. Duck-
worth*, 112 F.3d 878, 881 (7th Cir. 1997) (finding cognizable
claim when *pro se* petition "contains enough detail to describe
a claim that is within the power of a federal court to address").
Even with the generous reading that we give *pro se* filings,
though, this claim simply was not presented to the district
court.

Frazier argues that ground one of his federal habeas peti-
tion presented his ineffective assistance of counsel claim to the
district court. Ground one of the habeas petition read in its
entirety: "Failure to Notify of Sentence Enhancement See Ex-
hibits A, B, C, D" — "Petitioner was not appraised of, nor ad-
monished of facts that would be used to enhance sentence to
an extended term sentence, based on aggravating factors not
presented to the jury, and proven beyond a reasonable doubt,

and could not properly defend himself of all charges and facts." Ground one made no reference to "ineffective assistance of counsel"—language that the petitioner knew well, as he showed in previous *pro se* filings and elsewhere in the federal petition itself. This circuit has "not routinely spared pro se litigants from the same waiver rules attorneys face," and we see no reason to do so in this instance. See *Dixon*, 986 F.2d at 203 (7th. Cir. 1993). Even with a liberal construction of Frazier's *pro se* habeas petition, we cannot find an ineffective assistance of counsel claim in a claim addressed so directly to the prosecution and judge.

That ground one was not a claim of ineffective counsel becomes even clearer upon consideration of ground four, which expressly asserted ineffectiveness of several of his lawyers, including his original trial counsel. Ground four read in full: "The Ineffectiveness of Trial Counsel, Appellate Counsel, and Post-Conviction Appellate Counsel"—"Trial counsel Tim Nance [sic] ineffectiveness occurred when he neglected to file a motion for sentence reduction, before filing a direct appeal, without consent. Appellate counsel for failing to argue anything other than *Apprendi* on direct appeal. Post-Conviction counsel for failure to amend Post-Conviction Petition, on trial counsel's failure." In the explicit claim for ineffective assistance of counsel, there is no reference to any failure to notify Frazier of a potential extended-term sentence.

Frazier also appended four exhibits to his petition—internet print outs of portions of Illinois Public Act 91-0953.[1] Those

---

[1] In relying on Public Law 91-0953 as a source for the Illinois Compiled Statutes, Frazier's exhibits actually highlight portions of the relevant statute that went into effect in 2001, after his indictment and trial.

attachments also made clear that Frazier's claim about the fail-
ure to notify him of a potential extended-term sentence was
made in reference to the prosecution's responsibilities with re-
spect to the indictment.

For example, he referred to requirements such as "When
the State seeks an enhanced sentence because of a prior con-
viction, the charge shall also state the intention to seek an en-
hanced sentence," and "if an alleged fact … is not an element
of an offense but is sought to be used to increase the range of
penalties for the offense beyond the statutory maximum that
could otherwise be imposed for the offense, the alleged fact
must be included in the charging instrument." Ill. Pub. L. No.
91-0953 (Feb. 23, 2001); see also 725 Ill. Comp. Stat. 5/111-
3(5)(c) (West 1999); 725 Ill. Comp. Stat. 5/111-3(5)(c-5) (West
2001).

Frazier's exhibits also highlighted the law governing the
remedy he seeks. As a remedy for failure to prove at trial a
fact "necessary to increase the punishment" beyond the max-
imum, the defendant should either be re-sentenced to the
non-enhanced term or, "if the State files notice of its intention
to again seek the extended sentence, the defendant shall be
afforded a new trial." Ill. Pub. L. No. 91-0953 (Feb. 23, 2001);
see also 730 Ill. Comp. Stat. 5/5-5-4 (West 2001). Those reme-
dies are not consistent with a claim for ineffective assistance
of counsel for failure to warn him of the risk of an extended
sentence based on the victim's age.

The exhibits Frazier provided to the district court point
not to defense counsel but to the State: the prosecution's fail-
ure to include its intention to seek an extended-term sentence
in the charging instrument, the prosecution's failure to prove
the victim's age beyond a reasonable doubt at trial, and the

sentencing judge's inappropriate reliance on the unproven fact at sentencing. None of the exhibits help Frazier link his ground one claim for failure to provide notice of the sentence enhancement and his ground four claim of ineffective assistance of counsel.

The district court correctly interpreted the ineffective assistance of counsel claim as distinct from the "notice" claim. In fact, the district court did not shy away from reading multiple grounds into a single cognizable claim on habeas review. The district court correctly read grounds one through three of the habeas petition—(1) failure to charge or notify of possible enhanced sentence; (2) extended-term sentence premised on judicial fact finding; and (3) state appellate court's unreasonable application of harmless error standard—as asserting a single *Apprendi* claim. 2015 WL 4506717, at *3–5. The district court then analyzed the three distinct claims for ineffective assistance of counsel, rejecting them for reasons that Frazier does not challenge on appeal. *Id*. at *5–10.

Our liberal construction of the *pro se* habeas petition cannot stretch a claim about the prosecution's failure to give notice of a possible sentence enhancement to become a claim of ineffective assistance of trial counsel for failure to notify Frazier of the potential extended-term sentence. The exhibits attached to the petition make clear that the claim Frazier asserts with regard to notice is related to prosecutorial and judicial conduct, not ineffective assistance of trial counsel. The district court's analysis only further undergirds this conclusion. Accordingly, the argument that trial counsel was ineffective for failure to notice petitioner of a potential extended-term sentence has been presented for the first time in a federal court on appeal, which is too late, so our analysis ends here.

We need not address whether Frazier's stricken *pro se* filings in his appeals were sufficient to present those issues fairly to the state courts because he does not pursue those issues here. We also need not decide whether Frazier could avoid procedural default on certain issues by claiming his post-conviction counsel was ineffective, relying on the exception to procedural default laid out in *Trevino v. Thaler*, 569 U.S. —, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 566 U.S. —, 132 S. Ct. 1309 (2012). Again, he does not pursue the relevant issues on the merits.

The district court's judgment denying habeas corpus relief is AFFIRMED.